UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SEPULVEDA,<br><br>Plaintiff,<br><br>v.<br><br>LAKESHORE 76, INC., et al.,<br><br>Defendants. | Case No. 20-cv-04635-DMR<br><br>**ORDER GRANTING MOTION TO ENFORCE SETTLEMENT**<br><br>Re: Dkt. No. 62 |

This is a lawsuit alleging violations of the public access requirements of the Americans with Disabilities Act and state law. After the court denied Plaintiff's motion for summary judgment (Docket No. 47), the parties reached a settlement agreement to resolve the dispute. Specifically, the parties entered into a written settlement agreement that Defendants would remedy the barriers at the subject property and pay a lump sum of $15,000 to Plaintiff within fifteen days. Declaration of Richard MacBride ("MacBride Decl.") ¶ 4; *see* MacBride Decl. Ex. 1 ("Agreement") ¶¶ 2-3 [Docket No. 62-1.] The parties also agreed that the court would retain jurisdiction to enforce the agreement. MacBride Decl. ¶ 5; Agreement ¶ 11. The agreement was executed on November 11, 2021, meaning that Defendants' payment was due by December 5, 2021. MacBride Decl. ¶ 4.

On December 7, 2021, Defendant Sam Ng emailed Plaintiff's counsel and represented that he was unable to pay the full lump sum; instead, he intended to remit $500 payments for thirty months to satisfy the settlement amount. MacBride Decl. ¶ 6. To date, Defendants have only sent Plaintiff's counsel five checks for $500 each, totaling $2,500. *Id.* ¶ 7. Plaintiff's counsel has not cashed these checks. *Id.*

Plaintiff now moves for enforcement of the settlement agreement pursuant to section 11 of

the Agreement and requests payment of the full settlement amount by July 4, 2022. [Docket No. 62.] Defendants do not oppose enforcement of the agreement; however, they request—without any evidentiary support—that the court order Plaintiff to return all uncashed checks as a condition of granting the motion. [Docket No. 65.] Plaintiff objects to that request. [Docket No. 66.]

The court grants Plaintiff's unopposed motion to enforce the settlement agreement.[1] The court finds that the agreement is fully enforceable. Section 2 provides that "[t]he full Settlement Amount shall be paid within fifteen days of execution of this agreement." Agreement § 2. Defendants have not paid the full settlement amount. Accordingly, Defendants are in breach of the agreement.

The court orders Defendants to pay Plaintiff the full settlement amount pursuant to section 2 by July 4, 2022 as Plaintiff requests. Plaintiff may cash the five checks that his counsel has already received. If those checks are accepted as valid, the total value honored by the bank shall be credited against the $15,000 judgment in this action.

Plaintiff also seeks attorneys' fees related to this motion in accordance with the agreement. *See* Agreement § 11 ("In any action to enforce this RELEASE, the prevailing party shall be entitled to attorney's fees and costs."). Plaintiff seeks $700 as calculated by his counsel's regular hourly rate of $350 multiplied by two hours expended preparing this motion. Defendants do not oppose this request. The court finds that Plaintiff's hourly rate and hours expended are reasonable and accordingly awards $700 to Plaintiff in attorney's fees, payable by July 4, 2022.

In sum, Defendant owes Plaintiff $15,700, the full amount of which must be paid by Defendant to Plaintiff by July 4, 2022. The $15,700 shall be offset by the amount of the five checks that are honored by the bank.

**IT IS SO ORDERED.**

Dated: June 3, 2022

Donna M. Ryu
United States Magistrate Judge

---

[1] This matter is suitable for determination without oral argument. Civ. L.R. 7-1(b).